UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**HELEN HAN**,

                        Plaintiff,                      **08 CV 4472 (AKH) (ECF Case)**

        -against-                                    **ANSWER**

**CITY UNIVERSITY OF NEW YORK, CHILD
DEVELOPMENT CENTER OF THE CITY COLLEGE
OF NEW YORK, and LaTRELLA THORNTON**,

                        Defendants.
------------------------------------------------------------------------X

Defendant **CHILD DEVELOPMENT CENTER OF THE CITY COLLEGE OF NEW YORK** (hereinafter the "Center"), by its attorney, Joel Berger, Esq., upon information and belief, respectfully answers the complaint in the above-captioned action as follows:

*AS TO JURISDICTION AND VENUE*

      1.     Denies the allegations set forth in paragraph 1 of the complaint, except to admit that plaintiff purports to proceed on the statutory bases set forth therein, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

      2.     Denies the allegations set forth in paragraph 2 of the complaint, except to admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      3.     Denies the allegations set forth in paragraph 3 of the complaint, except to admit that plaintiff purports to lay venue as stated therein

      4.     Denies the allegations set forth in paragraph 4 of the complaint, except to admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein, and admits and affirmatively avers that the United States Equal Employment Opportunity Commission (EEOC) issued a "Dismissal

and Notice of Rights" (commonly referred to as a "Right to Sue" letter) dated February 13, 2008.

## AS TO THE PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

6. Denies the allegations set forth in paragraph 6 of the complaint, excepts admits the allegations contained in the second and third sentences therein, and admits and affirmatively avers that the City University of New York (CUNY) is a public university established under the Education Law of the State of New York, and respectfully refers the Court to New York Education Law § 6203 for a complete and accurate statement of CUNY's legal status.

7. Denies the allegations set forth in the paragraph 7 of the complaint, except admits and affirmatively avers that the Center is physically located at the Schiff House at 133rd Street and Convent Avenue, New York, NY 10031.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint, except admits that defendant Thornton was plaintiff's immediate supervisor during plaintiff's employment at the Center.

## AS TO THE ALLEGED FACTUAL BACKGROUND

9. Denies the allegations set forth in paragraph 9 of the complaint, except admits and affirmatively avers that plaintiff commenced her employment as a group teacher at the Center on August 22, 2001.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 11 of the complaint.

12. Denies the allegations set forth in paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint, except admits that plaintiff self-identifies as set forth therein.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint, except admits that plaintiff reported to defendant Thornton during plaintiff's employment at the Center, and that defendant Thornton self-identifies as African-American.

15. Denies the allegations set forth in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint, except admits that at the time of plaintiff's employment at the Center Delia Donastorg, Maribel Burgos and Audrey Nicolas were also employed as group teachers at the Center.

17. Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph 17 of the complaint, except to admit that plaintiff earned a salary of $32,000 per year during her employment at the Center.

18. Denies the allegations set forth in paragraph 18 of the complaint, except admits and affirmatively avers that plaintiff did not receive a pay raise in February 2007 due to her poor work performance.

19. Admits the allegations set forth in paragraph 19 of the complaint.

20. Denies the allegations set forth in paragraph 20 of the complaint, and affirmatively avers

that plaintiff was the second highest paid group teacher at the Center.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. Denies the allegations set forth in paragraph 22 of the complaint, except admits and affirmatively avers that defendant Thornton offered the evening program position to all group teachers, but the only group teacher who expressed interest and volunteered for the evening program was Delia Donastorg.

23. Denies the allegations set forth in paragraph 23 of the complaint, except admits and affirmatively avers that after receipt of his February 2007 pay raise of $3,000, teaching assistant Akin Cook earned $27,000.

24. Denies the allegations set forth in paragraph 24 of the complaint, except admits that on March 8, 2007, in light of defendant Thornton's prior discussions with her immediate supervisor at the City College of New York (CCNY) concerning plaintiff's poor work performance, defendant Thornton denied plaintiff's request for a pay raise.

25. Denies the allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint.

28. Denies the allegations set forth in paragraph 28 of the complaint.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30.     Denies the allegations set forth in paragraph 30 of the complaint, and affirmatively avers that Kwanza is not a religious holiday and that no religious holidays were celebrated at the Center.

31.     Denies the allegations set forth in paragraph 31 of the complaint, except admits that defendant Thornton advised plaintiff to remove Easter decorations from the public classroom, and affirmatively avers that plaintiff responded by denying that the decorations were for Easter.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint, except admits that plaintiff's counsel sent a letter of representation to the Center dated March 29, 2007, and respectfully refers the Court to the cited letter of representation for a complete and accurate statement of its contents.

33.     Denies the allegations set forth in paragraph 33 of the complaint, except admits that plaintiff filed a charge of discrimination with the EEOC dated March 28, 2007.

34.     Denies the allegations set forth in paragraph 34 of the complaint, except admits that defendant Thornton served plaintiff with a disciplinary notice on April 18, 2007 concerning two instances of improper behavior by plaintiff in the classroom and that plaintiff noted her objection in writing, and affirmatively avers that the two issues addressed by the disciplinary notice, involving a child's personal toy and the eating of food in plaintiff's classroom, were not minor.

35.     Denies the allegations set forth in paragraph 35 of the complaint.

36.     Denies the allegations set forth in paragraph 36 of the complaint.

37.     Denies the allegations set forth in paragraph 37 of the complaint.

38.     Denies the allegation set forth in paragraph 38 of the complaint, except admits that by paragraph 38 of the complaint, except admits that by letter dated July 11, 2007, defendant Thornton

terminated plaintiff's employment at the Center based on plaintiff's documented poor job performance, and respectfully refers the Court to the cited termination letter for a complete and accurate statement of its contents.

39. Denies the allegations set forth in paragraph 39 of the complaint, and respectfully refers the Court to the cited termination letter for a complete and accurate statement of its contents.

40. Denies the allegations set forth in paragraph 40 of the complaint.

41. Denies the allegations set forth in paragraph 41 of the complaint.

42. Admits the allegations set forth in paragraph 42 of the complaint, and respectfully refers the Court to the cited termination letter for a complete and accurate statement of its contents.

43. Denies the allegations set forth in paragraph 43 of the complaint.

44. Denies the allegations set forth in paragraph 44 of the complaint, except admits that plaintiff received her final paycheck.

45. Denies the allegations set forth in paragraph 45 of the complaint.

***AS TO PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST CUNY AND THE CENTER***
*(Title VII, NYS Executive Law § 296, & NYC Adm. Code § 8-107)*

46. Paragraph 46 of the complaint sets forth legal argument to which no response is required. To the extent that a response to this paragraph is required, defendant Center denies the allegations contained in this paragraph and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

47. Paragraph 47 of the complaint sets forth legal argument to which no response is required. To the extent that a response to this paragraph is required, defendant Center denies the allegations contained in this paragraph.

### AS TO PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST CUNY AND THE CENTER (42 U.S.C. § 1983)

48. Paragraph 48 of the complaint sets forth legal argument to which no response is required. To the extent that a response to this paragraph is required, defendant Center denies the allegations contained in this paragraph and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

49. Defendant Center denies the allegations set forth in paragraph 49 of the complaint (including sub-paragraphs a-d therein).

50. Defendant Center denies the allegations set forth in paragraph 50 of the complaint.

### AS TO PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THORNTON
*(NYS Executive Law § 296 (6), NYC Adm. Code § 8-107 (6) and 42 U.S.C. § 1983)*

51. Paragraph 51 of the complaint sets forth legal argument to which no response is required. To the extent that a response to this paragraph is required, defendant Center denies the allegations against its director contained in this paragraph and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

52. Paragraph 52 of the complaint sets forth legal argument to which no response is

7

required. To the extent that a response to this paragraph is required, defendant Center denies the allegations against its director contained in this paragraph.

53. Paragraph 53 of the complaint sets forth legal argument to which no response is required. To the extent that a response to this paragraph is required, defendant Center denies the allegations against its director contained in this paragraph.

54. Denies that plaintiff is entitled to the relief demanded in the "Wherefore" paragraph on page 11 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56. Defendant Center has not violated any rights, privileges or immunities secured to plaintiff by the laws or Constitution of the United States, the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57. Any injury alleged to have been sustained by plaintiff resulted from plaintiff's own culpable or negligent conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58. All employment decisions made by defendant Center with respect to plaintiff's employment were made for legitimate, lawful, non-discriminatory reasons and non-retaliatory reasons.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. At all times relevant herein, defendant Center had fewer than 15 employees and

therefore is not an "employer" as defined in 42 United States Code § 2000e (b). Accordingly, all of plaintiff's federal employment discrimination claims against the Center must be dismissed.

### AS AND FOR A SIXTH AFIRMATIVE DEFENSE

60. Since plaintiff's federal employment discrimination claims against the Center must be dismissed in their entirety for failure to meet the numerosity requirement of 42 U.S.C. § 2000e (b), the Court should decline to exercise supplemental jurisdiction (28 U.S.C. § 1367) over plaintiff's state and local law claims against the Center.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff has failed to meet some or all of the statutory and administrative requirements that are conditions precedent as a matter of law for prosecution of her lawsuit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

62. Some or all of plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution and/or by the doctrine of sovereign immunity.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

64. Plaintiff has failed to exhaust her administrative remedies with respect to some or all of her claims.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

65. Defendant Center is not a "person" subject to suit under 42 U.S.C. § 1983.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims for damages are barred to the extent that she has failed to mitigate.

### *AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE*

67. Plaintiff is not entitled to punitive damages.

### *AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE*

68. Some or all of the relief requested by plaintiff is not available under the applicable statutes and causes of action.

### *AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE*

69. Defendant Center reserves the right to amend its answers and/or affirmative defenses that it may determine to be applicable in the future on the basis of discovery in this matter.

### *AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE*

70. Defendant Center denies any and all allegations of plaintiff's complaint not explicitly admitted herein.

**WHEREFORE**, Defendant **CHILD DEVELOPMENT CENTER OF THE CITY COLLEGE OF NEW YORK** respectfully requests judgment dismissing the complaint herein, awarding costs, disbursements and reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         August 14, 2008

**/s/ Joel Berger**
**JOEL BERGER (JB-3269)**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-4911

**ATTORNEY FOR DEFENDANT CHILD DEVELOPMENT CENTER OF THE**

**CITY COLLEGE OF NEW YORK**

TO: **MATTHEW S. PORGES, ESQ.**
Leeds, Morelli & Brown, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550

**ATTORNEY FOR PLAINTIFF**

**DARPANA M. SHETH, ESQ.**
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271-0332
(212) 416-8687

**ATTORNEY FOR DEFENDANTS
CITY UNIVERSITY OF NEW YORK
and LaTRELLA THORNTON**

## DECLARATION OF SERVICE

    **JOEL BERGER** declares pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct:

    1.    I am the attorney for defendant in the above-captioned action. I was admitted to practice before the courts of the State of New York on December 23, 1968, and before the United States District Court for the Southern District of New York on April 23, 1970.

    2.    On August 14, I served the within Answer upon Matthew S. Porges, Esq., attorney for plaintiff, and Daprana M. Sheth, Esq., attorney for defendants City University of New York and Latrella Thornton, by filing it via the Court's Electronic Case Filing (ECF) System and by depositing true copies thereof enclosed in post-paid wrappers, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed as follows:  1) Matthew S. Porges, Esq., Leeds, Morelli & Brown, P.C., One Old Country Road, Suite 347, Carle Place, NY 11514, and 2) Darpana M. Sheth, Esq., Assistant Attorney general, 120 Broadway, New York, NY 10271-0332.

Dated: New York, New York
       August 14, 2008

                                              **/s/ Joel Berger**
                                              **JOEL BERGER (JB-3269)**