UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HELEN HAN,

                    *Plaintiff*,

-against-

CITY UNIVERSITY OF NEW YORK, CHILD DEVELOPMENT CENTER OF THE CITY COLLEGE OF NEW YORK, and LATRELLA THORNTON,

                    *Defendants*.

**ANSWER**

08-CV-4472
(AKH)(FM)
(ECF)

---

Defendants City University of New York ("CUNY") and LaTrella Thornton, by their attorney, ANDREW M. CUOMO, Attorney General of the State of New York,[1] answer the Complaint of plaintiff Helen Han ("Plaintiff") as follows:

### AS TO JURISDICTION AND VENUE

1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff purports to proceed on the statutory bases set forth in this paragraph, and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

2.     Deny the allegations contained in paragraph 2 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth in this paragraph.

3.     Deny the allegations contained in paragraph 3 of the Complaint, except admit that venue in the Southern District of New York is appropriate.

4.     Defendant CUNY denies the allegations contained in paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations

---

[1] The Office of the Attorney General of the State of New York does not represent the Child Development Center of The City College of New York, which is separately incorporated and is represented by separate counsel, Joel Berger, Esq. (*See* Docket No. 3.)

contained in the first sentence of this paragraph, and admits and affirmatively avers that the United States Equal Employment Opportunity Commission ("EEOC") issued a "Dismissal and Notice of Rights," dated, February 13, 2008, to Plaintiff.

### AS TO THE PARTIES

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit the allegations contained in the second and third sentences therein, and admit and affirmatively aver that CUNY is a public university established under the Education Law of the State of New York, and respectfully refer the Court to N.Y. Educ. Law § 6203 for a complete and accurate statement of CUNY's legal status.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit and affirmatively aver that the Child Development Center of the City College of New York ("the Center") is located at the Schiff House at 133rd Street and Convent Avenue, New York, New York 10031.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admit that Defendant Thornton was the Director of the Center and was Plaintiff's immediate supervisor during Plaintiff's employment at the Center.

### AS TO THE ALLEGED FACTUAL BACKGROUND

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit and affirmatively aver that Plaintiff commenced her employment as a Group Teacher at the Center on

August 22, 2001.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except admit that Plaintiff reported to Defendant Thornton during her employment at the Center, and that Defendant Thornton self-identifies as African-American.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, except admit that, at the time of Plaintiff's employment at the Center, Delia Donastorg, Maribel Burgos, and Audrey Nicolas, were also employed as Group Teachers at the Center.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admit that Plaintiff earned a salary of $ 32,000 per *annum* during her employment at the Center.

18. Deny the allegations contained in paragraph 18 of the Complaint, except admit and affirmatively aver that Plaintiff did not receive a pay raise in February 2007 due to her poor work

performance.

19. Admit the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint, except admit and affirmatively aver that Defendant Thornton offered the evening program Group Teacher position to all Group Teachers, but the only Group Teacher who expressed interest and volunteered for the evening position was Delia Donastorg.

23. Deny the allegations contained in paragraph 23 of the Complaint, except admit and affirmatively aver that after receipt of his February 2007 pay raise of $3,000, teaching assistant Akin Cook earned $27,000.

24. Deny the allegations contained in paragraph 24 of the Complaint, except admit that on or about March 1, 2007, Plaintiff made a written request for a pay raise, and affirmatively aver that on or about March 8, 2007, Defendant Thornton denied Plaintiff's request.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 32 of the Complaint, except admit that Plaintiff's counsel sent a letter dated March 29, 2007 to the Center, and respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

33. Deny the allegations contained in paragraph 33 of the Complaint, except admit that Plaintiff filed a charge of discrimination dated March 28, 2007 with the EEOC.

34. Deny the allegations contained in paragraph 34 of the Complaint, except admit that on or about April 18, 2007, Defendant Thornton issued Plaintiff a memorandum regarding two instances of Plaintiff's inappropriate behavior in the classroom and that Plaintiff noted her objection in writing, and respectfully refer the Court to the memorandum for a complete and accurate statement of its contents.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint, except admit that by letter dated July 11, 2007, Plaintiff's employment at the Center was terminated, and respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

39. Deny the allegations contained in paragraph 39 of the Complaint, and respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Admit the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44.   Deny the allegations contained in paragraph 44 of the Complaint, except admit that Plaintiff received her final paycheck.

45.   Deny the allegations contained in paragraph 45 of the Complaint.

### AS TO PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST CUNY AND THE CENTER: (TITLE VII, NEW YORK STATE EXECUTIVE LAW § 296, AND NEW YORK CITY ADMINISTRATIVE CODE, § 8-107)

46.   Paragraph 46 of the Complaint constitutes legal argument to which no response is required. To the extent a response to this paragraph is required, Defendant CUNY denies the allegations contained in this paragraph, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

47.   Paragraph 47 of the Complaint constitutes legal argument to which no response is required. To the extent a response to this paragraph is required, Defendant CUNY denies the allegations contained in this paragraph.

### AS TO PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST CUNY AND THE CENTER: (42 U.S.C. § 1983)

48.   Paragraph 48 of the Complaint constitutes legal argument to which no response is required. To the extent a response to this paragraph is required, Defendant CUNY denies the allegations contained in this paragraph, and respectfully refers the Court to the cited statute for a complete and accurate statement of its contents.

49.   Defendants CUNY and Thornton deny the allegations contained in paragraph 49 (including subparagraph "a" through subparagraph "d") of the Complaint.

50.   Defendant CUNY denies the allegations contained in paragraph 50 of the Complaint.

### AS TO PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THORNTON
### (NEW YORK EXECUTIVE LAW § 296(6), NEW YORK CITY
### ADMINISTRATIVE CODE § 8-107(6) AND 42 U.S.C. § 1983)

51.     Paragraph 51 of the Complaint constitutes legal argument to which no response is required. To the extent a response to this paragraph is required, Defendant Thornton denies the allegations contained in this paragraph, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

52.     Paragraph 52 of the Complaint constitutes legal argument to which no response is required. To the extent a response to this paragraph is required, Defendant Thornton denies the allegations contained in this paragraph.

53.     Paragraph 53 of the Complaint constitutes legal argument to which no response is required. To the extent a response to this paragraph is required, Defendant Thornton denies the allegations contained in this paragraph.

54.     Deny that Plaintiff is entitled to the relief set forth in the "Wherefore" paragraph on page eleven (11) of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55.     The Complaint fails to state claims upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56.     Some or all of Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution or by the doctrine of sovereign immunity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57.     At all relevant times, Defendant Thornton acted without malice and under the reasonable belief that her conduct was in accordance with clearly established law and, therefore, is

entitled to qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58. This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, by the applicable statute or statutes of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. Plaintiff has failed to exhaust her administrative remedies with respect to some or all of her claims.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61. All employment decisions made by Defendants CUNY and Thornton with respect to Plaintiff's employment were made for legitimate, non-discriminatory and non-retaliatory reasons.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

62. Neither Defendant CUNY nor Defendant Thornton, in her official capacity, are "persons" subject to suit under 42 U.S.C. § 1983, and therefore, this claim should be dismissed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

63. Plaintiff's alleged injuries were caused, in whole or in part, by Plaintiff's own culpable or negligent conduct.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims for damages are barred to the extent that she has failed to mitigate.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

65. Plaintiff is not entitled to punitive damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

66.     Some or all of the relief requested by Plaintiff is not available under the applicable statutes and causes of action.

**WHEREFORE**, defendants City University of New York and LaTrella Thornton respectfully request this Court to dismiss the Complaint with prejudice, together with costs and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 15, 2008

                                    ANDREW M. CUOMO
                                    Attorney General of the State of New York
                                    *Attorney for Defendants City University of New York and LaTrella Thornton*

                                    By: _/s/ Darpana M. Sheth_
                                    Darpana M. Sheth
                                    Assistant Attorney General
                                    120 Broadway, 24th Floor
                                    New York, NY 10271-0332
                                    Telephone: (212) 416 – 8687